**FILED**

**MAR 1 7 2010**

DAVID CREWS, CLERK
BY _____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION
## OXFORD

GRACIE COOK, on behalf of the Wrongful
Death Beneficiaries and the Estate of WILLIE
P. ADKINS, Deceased, as Administratrix,

      Plaintiff,

v.

GGNSC Ripley , LLC d/b/a Golden
Living Center Ripley; GGNSC Administrative
Services, LLC; GGNSC Clinical Services, LLC;
and Golden Gate National Senior Care, LLC,

      Defendants.

CASE NO. 3: 10CV018 -M-A
JURY DEMANDED

---

## COMPLAINT FOR MEDICAL MALPRACTICE, COMMON LAW NEGLIGENCE, STATUTORY SURVIVAL, AND WRONGFUL DEATH

---

COMES NOW the Plaintiff, GRACIE COOK, INDIVIDUALLY AND AS

ADMINISTRATRIX OF THE ESTATE OF WILLIE P. ADKINS, DECEASED, and states as

follows for her cause of action against the above styled Defendants:

### PARTIES AND JURISDICTION

1.    Plaintiff, GRACIE COOK, at all times material to this lawsuit, was and is an adult

resident citizen of Blue Mountain, Mississippi. Pursuant to Letters of Administration filed with

the Court on March 8, 2010, Plaintiff was appointed Administratrix of Willie P. Adkins (See

Composite Exhibit "A").

2.    WILLIE P. ADKINS was at all times material to this lawsuit an adult,

incompetent, resident citizen of Ripley, Mississippi.

3.     GRACIE COOK is the granddaughter of WILLIE P. ADKINS.

4.     Upon information and belief, Defendant GGNSC Ripley, LLC ("GGNSC") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley ("GLCR") located in Tippah County, Mississippi with its principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

5.     Defendant GGNSC may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

6.     Upon information and belief, Defendant GGNSC Administrative Services, LLC ("GGNSC Administrative") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley located in Tippah County, Mississippi with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919.

7.     Defendant GGNSC Administrative may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

8.     Upon information and belief, Defendant GGNSC Clinical Services, LLC ("GGNSC Clinical") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley located in Tippah County, Mississippi with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919.

2

9. Defendant GGNSC Clinical may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

10. Upon information and belief, Defendant Golden Gate National Senior Care, LLC ("National Senior Care") is and was at all times relevant hereto engaged in the operation, management, ownership and/or control of Golden Living Center Ripley located in Tippah County, Mississippi with its principal place of business located at 1000 Fianna Way, Ft. Smith, Arkansas 72919.

11. Defendant National Senior Care may be served with legal process through its registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

12. This cause of action arises in tort and as a result of injuries and damages proximately caused by the Defendant's negligence in Tippah County, Mississippi which resulted in Willie P. Adkins' injuries and death. Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action. Plaintiff has provided Defendants with legally sufficient pre-suit notice of her intent to institute these proceedings pursuant to Miss.Code.Ann. § 15-1-36. See Notices of Intent, attached hereto as Exhibit "B." Plaintiff attaches as Exhibit "C" to this Complaint the Certificate of Expert Consultation as required by Miss.Code.Ann. § 11-1-58.

13. This Court has jurisdiction over the parties and the subject matter as a result of diversity of citizenship. Plaintiff was at all times material to this lawsuit a resident citizen of Tippah County, Mississippi. Defendants were, at all times material to this lawsuit, foreign corporations to the State of Mississippi.

14.     The damages sought in this case exceed the jurisdiction minimum for diversity of citizenship under the United States Constitution and the United States Code.

15.     Venue is properly situated in the United States District Court for the Northern District of Mississippi, Western Division, Oxford.

## FACTS

16.     Willie P. Adkins entered GLCR during April, 2007.

17.     During her admission, Willie P. Adkins experienced several injuries due to the failure of Defendants to adequately assess, reassess, and care plan for her needs, including but not limited to the following:

        a.     dehydration;

        b.     malnutrition;

        c.     pressure sores;

        d.     infections (wound and urinary tract);

        e.     medication misadministration;

        f.     improper attention to her blood sugars; and

        g.     death.

18.     Willie P. Adkins left this life on November 6, 2008 at Tippah County Hospital as the result of respiratory arrest and electrolyte imbalance, conditions listed on her death certificate and caused by the negligence of Defendants.  See Death Certificate, contained within Composite Exhibit "A."

## DEFENDANTS ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

19.    Defendants owed a duty of care to residents such as Willie P. Adkins to provide care, treatment, services, and custodial supervision within the recognized standards of acceptable professional practice applicable to them in Tippah County, Mississippi and similar communities, in addition to the duty of providing Willie P. Adkins with ordinary care.

20.    Defendants deviated from the recognized standard of acceptable professional practice and failed to provide Willie P. Adkins with ordinary care in the following ways that resulted in certain and specific injuries to her person as described below:

  a.    Failing to provide a safe environment;
  b.    Failing to properly train and supervise its employees to ensure that Willie P. Adkins received care, treatment, and services in accordance with state and federal laws and regulations;
  c.    Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Willie P. Adkins from injury and neglect;
  d.    Failing to exercise the duty of care owed to Willie P. Adkins;
  e.    Failing to recognize the dangers associated with residents such as Willie P. Adkins;
  f.    Failing to properly supervise and care for Willie P. Adkins;
  g.    Failing to properly budget the facility to provide adequate staffing and supplies;
  h.    Failure of corporate and management agents to properly staff, hire, budget, and train the facility's employees to ensure that Willie P. Adkins was provided the appropriate level of care that he required; and
  i.    Such other acts or omissions that may be proven through discovery or at trial.

## VII.  INJURIES AND DAMAGES

21.    As a direct and proximate result of the negligence acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Willie P. Adkins was caused to suffer the following harms, losses, injuries and damages, including but not limited to:

a.     dehydration;

b.     malnutrition;

c.     pressure sores;

d.     medication misadministration;

e.     improper attention to her blood sugars; and

f.     death.

22.     As a direct and proximate result of Defendants' negligence, Plaintiff, as Administratrix of the Estate of Willie P. Adkins, is entitled to recover damages for all such injuries caused by Defendants' negligence as allowed by Mississippi's Survival Statute and Mississippi law and include, but are not necessarily limited to, any injuries or losses experienced by Willie P. Adkins that did not cause her death, any physical or mental pain and suffering or anguish and loss of enjoyment of life that Willie P. Adkins experienced that did not result in her death, funeral and burial expenses and any other damages generally allowed by Mississippi law that are recoverable by a decedent's estate, in addition to medical expenses being limited to Willie P. Adkins' hospitalization at Tippah County Hospital on or about September 5-6, 2008 (unless later discovery dictates otherwise).

23.     As a direct and proximate result of Defendants' negligence, Plaintiff, on behalf of all of the wrongful death beneficiaries of Willie P. Adkins, is entitled to recover damages for all such injuries caused by Defendants' conduct as allowed by Mississippi's Wrongful Death Act and include, but are not necessarily limited to, the loss of affection, companionship, care assistance, protection, support, advice, guidance and counsel of their mother, the great mental anguish and other injuries experienced as a result of the loss of their mother, any injuries or losses experienced by their mother that caused her death and any physical or mental pain and

suffering or anguish that their mother experienced regarding injuries that resulted Willie P. Adkins' death or any other damages allowed by Mississippi law that are recoverable by her wrongful death beneficiaries.

## VII.  TRIAL BY JURY

24.     Plaintiff respectfully demands a jury to try this cause.

WHEREFORE, Plaintiff sues the Defendants for the following:

(1)     Compensatory and punitive damages in an amount to be determined by a jury, but in excess of $75,000;

(2)     An award of pre- and post-judgment interest as allowed by law;

(3)     An award of costs herein; and

(4)     For all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted:

**THE COCHRAN FIRM – MEMPHIS**
One Commerce Square, Suite 2600
Memphis, Tennessee  38103
901-217-7000 (p)
901-333-1897 (f)

By: _____
Garry J. Rhoden (MBN 101030)

IN THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI

**IN THE MATTER OF THE ESTATE OF**
**WILLIE PEARL ADKINS, DECEASED**

**GRACIE COOK, PETITIONER**                    **CAUSE NO. 2010-036R**

## JUDGMENT GRANTING LETTERS OF ADMINISTRATION

**IN THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI:**

THIS DAY, this cause came on to be heard in open Court on the Petition of **Gracie Cook**, Petitioner herein, requesting a Judgment Granting Letters of Administration, and the Court, after having maturely considered the same and the oral and documentary evidence presented, finds as follows:

I.

The Petitioner, **Gracie Cook**, is an adult granddaughter of the decedent and is otherwise a fully and legally competent resident citizen of the State of Mississippi, residing in Blue Mountain, Mississippi.

II.

That Willie Pearl Adkins had a fixed place of residence in Tippah County, Mississippi, when she departed this life on the 6th day of November, 2008, in Tippah County, Mississippi, and to the best knowledge of the Petitioner, left no Last Will and Testament, so far as Petitioner knows or believes. A true and literal copy of the Death Certificate of Willie Pearl Adkins is attached to the Petition as Exhibit "A".

**FILED**

**MAR 0 8 2010**

RODNEY McBRYDE
CHANCERY CLERK



### III.

The Decedent was not married at the time of her death and was survived by five children: and was survived by five children: Patricia Cook, Steve Adkins, Sidney Adkins, Shirley Adkins, and Lisa Adkins. The Decedent also had one predeceased child, Timothy Adkins. The said Timothy Adkins had no children. Therefore, the above named living children are the sole heirs at law of the Decedent.

### IV.

At the time of her death, the Decedent owned no assets of any significant monetary value. However, as a result of alleged inadequate medical care of the Decedent in a nursing home, the family feels aggrieved by her treatment and has decided to pursue litigation. Upon the Administratrix being appointed by this Court, such appointee will diligently search and claim any other such property as might be found as a part of the Estate for the benefit of the heirs at law. That this Estate should be immediately administered for the proper management of said Estate and the Petitioner is requesting the Court to appoint her as Administratrix of the said Estate, said Petitioner hereby showing that she is over the age of 18 years, of sound mind, not convicted of any felony and qualified to serve as Administratrix of said Estate for all purposes.

### V.

That at the time of her death, the Decedent was a resident in a nursing home facility in Tippah County, Mississippi, and she had no bank accounts. Petitioner would request that the Court authorize the Administratrix to open an estate bank account, if necessary, to receive and hold all assets and properties properly belonging to the Estate and to marshal them according to applicable law.

VI.

The Petitioner would request that the requirements of bond, appraisal and accountings be waived by the Court at this time.

**IT IS, ACCORDINGLY, HEREBY ORDERED, ADJUDGED AND DECREED** that:

1) This Estate is hereby opened and the said **Gracie Cook** is hereby appointed Administratrix of this Estate upon taking the oath as prescribed by statute.

2) This Court hereby grants Letters of Administration to **Gracie Cook** upon taking the oath prescribed by statue.

3) Bond for said Administratrix need not be posted and that all requirements of appraisal and accounting be waived.

4) The said Gracie Cook is hereby granted the authority to take any and all necessary steps to marshal the assets of the Estate, open an estate bank account and administer the same according to law.

**SO ORDERED AND ADJUDGED** on this, the 26th day of February, 2010.

_____
CHANCELLOR

_____
STEPHEN B. JACKSON
Glover, Young, Walton & Simmons, PLLC
P. O. Drawer 5514
Meridian, MS 39302-5514
Telephone: (601) 693-1301
MS Bar No. 10693

3

VI.

The Petitioner would request that the requirements of bond, appraisal and accountings be waived by the Court at this time.

**IT IS, ACCORDINGLY, HEREBY ORDERED, ADJUDGED AND DECREED** that:

1) This Estate is hereby opened and the said **Gracie Cook** is hereby appointed Administratrix of this Estate upon taking the oath as prescribed by statute.

2) This Court hereby grants Letters of Administration to **Gracie Cook** upon taking the oath prescribed by statute.

3) Bond for said Administratrix need not be posted and that all requirements of appraisal and accounting be waived.

4) The said Gracie Cook is hereby granted the authority to take any and all necessary steps to marshal the assets of the Estate, open an estate bank account and administer the same according to law.

**SO ORDERED AND ADJUDGED** on this, the 26th day of February 2010.

_____
CHANCELLOR

_____
STEPHEN B. JACKSON
Glover, Young, Walton & Simmons, PLLC
P. O. Drawer 5514
Meridian, MS 39302-5514
Telephone: (601) 693-1301
MS Bar No. 10693

3

**IN THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI**

**IN THE MATTER OF THE ESTATE OF**
**WILLIE PEARL ADKINS, DECEASED**

**GRACIE COOK, PETITIONER**                    CAUSE NO. _2010-036R_

### OATH OF **ADMINISTRATRIX**

**FILED**

**MAR 0 8 2010**

**RODNEY McBRYDE**
**CHANCERY CLERK**

STATE OF MISSISSIPPI

COUNTY OF _Tippah_

    I, **GRACIE COOK**, do swear that Willie Pearl Adkins, deceased, died without any will, as far as I know or believe, and that I, if and when appointed, will well and truly administer all the goods, chattels, and credits of the deceased, and pay her debts as far as her goods, chattels, and credits will extend and the law requires me, and that I will make a true and perfect inventory of the said goods, chattels, and credits, and a just account, when thereto required. So help me God.

_Gracie Cook_
**GRACIE COOK, Administrator**

    **SWORN TO AND SUBSCRIBED BEFORE ME**, this the _8th_ day of _February_, 2010.

_Paul Wright_
NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID. # 88107
PAUL WRIGHT
Commission Expires
Jan. 7, 2012
TIPPAH COUNTY

IN THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI

**IN THE MATTER OF THE ESTATE OF**
**WILLIE PEARL ADKINS, DECEASED**

**GRACIE COOK, PETITIONER**                    **CAUSE NO. 2010-036R**

### LETTERS OF ADMINISTRATION

**FILED**

MAR 0 8 2010

RODNEY McBRYDE
CHANCERY CLERK

STATE OF MISSISSIPPI

COUNTY OF TIPPAH

WHEREAS, Willie Pearl Adkins, deceased, late of Tippah County, Mississippi, died

leaving no Will as I am informed, having whilst she lived, and at the time of her death, goods

and chattels, rights and credits, within this State; and I, desiring that the said goods and chattels,

rights and credits, may be well and truly administered, converted, and disposed of, do hereby

grant unto GRACIE COOK full power, by the tenor of these presents, to administer the goods

and chattels, rights and credits, which to the said deceased in her lifetime and the time of her

death, did belong: to administer, recover, and receive the same, and pay the debts in which the

deceased stood bound so far as the goods, chattels, rights, credits, lands, tenements and

hereditaments of the said deceased will extend according to their rate and the order of the law;

and the said GRACIE COOK is hereby ordained Administratrix of all and singular goods and

chattels, rights and credits of said deceased.

WITNESS the Honorable Edwin H. Roberts, Jr., a Chancellor of this Court, this the

_8th_ day of March, 2010 and the seal of said Court hereto affixed.

RODNEY McBRYDE, Chancery Clerk

BY: _Sarah Baker_
Deputy

**SEAL**
**(SEAL)**
CHANCERY COURT CLERK
TIPPAH COUNTY, MS

# STATE OF MISSISSIPPI

## MISSISSIPPI STATE DEPARTMENT OF HEALTH
### VITAL RECORDS

Void Void Void

**CERTIFICATE OF DEATH**
STATE OF MISSISSIPPI

STATE FILE NUMBER: 123 08-023940

FILING DATE: NOV 2 0 2008

TYPE OR PRINT WITH BLACK INK

**DECEASED**

| 1. NAME | First | Middle | Last | 2. SEX | 3a. HOUR OF DEATH | 3b. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|---|---|---|
| | Willie | Pearl | Adkins | Female | 8:30 a. m | November 6, 2008 |

| 4. RACE (Specify White, Black, American Indian, etc.) | 5a. AGE AT LAST BIRTHDAY | 5b. ONLY IF UNDER 1 YEAR Mos / Days | 5c. ONLY IF UNDER 1 DAY Hours / Mins | 6. DATE OF BIRTH (Month, Day, Year) | 7a. COUNTY OF DEATH |
|---|---|---|---|---|---|
| Black | 76 Years | | | January 22, 1932 | Tippah |

| 7b. CITY OR TOWN OF DEATH | 7c. HOSPITAL OR OTHER INSTITUTION—NAME AND NUMBER (If not in either, give street address, route number or location) | 7d. If NOT HOSP, OR INST, SPECIFY INPT., OUTPT., EMER. ER,OR DOA | 8. STATE OF BIRTH |
|---|---|---|---|
| Ripley | Tippah County Hospital 70-T | Inpt | Mississippi |

| 9. DECEDENT'S EDUCATION | 10. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | 11 SURVIVING SPOUSE (If wife, give maiden name) | 12 WAS DECEASED EVER IN U.S. ARMED FORCES? (Yes or No) |
|---|---|---|---|
| Elementary School / College 110 (0-12) (1-5+) | Divorced | None | no |

| 13. ORIGIN OR DESCENT (Spanish, Cuban, Afro-American, Mexican, etc.) | 14. SOCIAL SECURITY NUMBER | 15a. USUAL OCCUPATION (Kind of work done during most of working life) | 15b. KIND OF BUSINESS OR INDUSTRY |
|---|---|---|---|
| Afro-American | | Housewife | House keeping |

| 16a. RESIDENCE—STATE | 16b. COUNTY | 16c. CITY OR TOWN | 16d. INSIDE CITY LIMITS (Specify Yes or No) | 16e. STREET AND NUMBER OR RURAL LOCATION |
|---|---|---|---|---|
| Mississippi Tippah | Ripley | | Yes | 101 Cunningham Drive |

**PARENTS**

| 17. FATHER—NAME | First | Middle | Last | 18. MOTHER—NAME | First | Middle | Last | Maiden |
|---|---|---|---|---|---|---|---|---|
| Master Lester | | | | Roberta | | | Smith | |

**INFORMANT**

| 19a. INFORMANT—NAME (Type or print) | 19b. MAILING ADDRESS (Street and number or rural and box number, city or town, State, ZIP code) |
|---|---|
| Patricia Cook | 2231 CR 725 Blue Mountain, Mississippi 38610 |

**DISPOSITION**

| 20a. BURIAL, CREMATION, REMOVAL (Specify) | 20b. CEMETERY, CREMATORY—NAME | 20c. LOCATION (City and State) | 21a. EMBALMER—SIGNATURE AND NUMBER |
|---|---|---|---|
| Burial | Adkins Chapel Ceme | Blue Mountain | Laura Jordan FS406 |

| 21b. FUNERAL HOME—NAME AND MISSISSIPPI I.D. NUMBER | 21c. MAILING ADDRESS (Street and number or route and box number, city or town, State, ZIP code) |
|---|---|
| Serenity Funeral Home 73W | 722 Colter Drive New Albany, MS 38652 |

**PRONOUNCEMENT**

| 22a. PERSON WHO PRONOUNCED DEATH—NAME AND TITLE (Type or print) | 22b. PRONOUNCED DEAD (Month, Day, Year) | 22c. PRONOUNCED DEAD (time) |
|---|---|---|
| Troy Cappleman, M. D. | ON November 6, 2008 | AT 8:30 a. m. |

**CERTIFIER**

| 23. CERTIFIER—NAME (Type or print) | 23. MAILING ADDRESS (Street and number or route and box number, city or town, State, ZIP code) |
|---|---|
| Troy Cappleman, M. D. | 1009 City Avenue North, Ripley, MS 38663 |

This section to be completed by physician if NOT medical examiner

| 24a. To the best of my knowledge death occurred due to the cause(s) and manner as stated | 24a. On the basis of examination and/or investigation, in my opinion, death occurred due to the cause(s) and manner as stated. |
|---|---|
| SIGNATURE Troy R. Capp | SIGNATURE |
| 24b DATE SIGNED (Month, Day, Year) 11/10/08 | 24c. STATE LICENSE NUMBER MS09950 | 24d. TITLE |

This section to be completed by medical examiner

| 24e. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or print) | 24f. DATE SIGNED (Month, Day, Year) |
|---|---|

**CAUSE OF DEATH**

25. PART I. IMMEDIATE CAUSE (Enter one cause only):

| | Interval between onset and death |
|---|---|
| (a) Respiratory Arrest | 5 Minutes |

DUE TO, OR AS A CONSEQUENCE OF (Enter one cause only):

| | Interval between onset and death |
|---|---|
| (b) Electrolyte Imbalance | 2 Days |

DUE TO, OR AS A CONSEQUENCE OF (Enter one cause only):

| | Interval between onset and death |
|---|---|
| (c) Acute Renal Failure | Unknown |

Conditions, if any, which gave rise to immediate cause, stating the underlying cause last →

25. PART II. OTHER SIGNIFICANT CONDITIONS—Conditions contributing to death but not resulting in the underlying cause
Multiple Stroke Syndrome

| 27. AUTOPSY (Yes or No) | 28 WAS CASE REFERRED TO MEDICAL EXAMINER? (Yes or No) |
|---|---|
| No | No |

| Had Decedent been Pregnant Within 90 Days Prior to Death? ☐ Yes ☐ No | Use if death NOT due to natural causes | 29a. ACCIDENT, SUICIDE, HOMICIDE, PENDING INVESTIGATION, OR UNDETERMINED (Specify) | 29b. DATE OF INJURY (Month, Day, Year) | 29c. HOUR OF INJURY m. | 29d. DESCRIBE HOW OR BY WHAT MEANS INJURY OCCURRED |
|---|---|---|---|---|---|
| | | 29e. INJURY AT WORK (Yes or No) | 29f. PLACE OF INJURY (Specify Home, Farm, Street, Factory, Office building, etc.) | 29g. LOCATION Street or route number City or town State | |

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THIS OFFICE

NOV 24 2009

Judy Moulder
STATE REGISTRAR

**WARNING:** A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE STATE REGISTRAR IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

VERIFY PRESENCE OF WATERMARK — HOLD TO LIGHT TO VIEW

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER — DO NOT ACCEPT WITHOUT FIRST HOLDING TO LIGHT TO VERIFY WATERMARK

EXHIBIT "A"

## IN THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI

**IN THE MATTER OF THE ESTATE OF**
**WILLIE PEARL ADKINS, DECEASED**

**GRACIE COOK, PETITIONER**                    CAUSE NO. *2010-036 R*

### PETITION FOR LETTERS OF ADMINISTRATION

**TO THE CHANCERY COURT OF TIPPAH COUNTY, MISSISSIPPI:**

Comes now **Gracie Cook**, Petitioner herein, and files this, her Petition for Letters of Administration and, in support thereof, would respectfully show unto the Court the following facts, to-wit:

I.

The Petitioner, **Gracie Cook**, is an adult granddaughter of the decedent and is otherwise a fully and legally competent resident citizen of the State of Mississippi, residing in Blue Mountain, Mississippi.

II.

That Willie Pearl Adkins had a fixed place of residence in Tippah County, Mississippi, when she departed this life on the 6th day of November, 2008, in Tippah County, Mississippi, and to the best knowledge of the Petitioner, left no Last Will and Testament, so far as Petitioner knows or believes. A true and literal copy of the Death Certificate of Willie Pearl Adkins is attached hereto as **Exhibit "A"**.

III.

The Decedent was not married at the time of her death and was survived by five children: Patricia Cook, Steve Adkins, Sidney Adkins, Shirley Adkins, and Lisa Adkins. The Decedent

**FILED**

**FEB 17 2010**

**RODNEY McBRYDE**
**CHANCERY CLERK**

also had one predeceased child, Timothy Adkins. The said Timothy Adkins had no children. Therefore, the above named living children are the sole heirs at law of the Decedent.

IV.

At the time of her death, the Decedent owned no assets of any significant monetary value. However, as a result of alleged inadequate medical care of the Decedent in a nursing home, the family feels aggrieved by her treatment and has decided to pursue litigation. Upon the Administratrix being appointed by this Court, such appointee will diligently search and claim any other such property as might be found as a part of the Estate for the benefit of the heirs at law. That this Estate should be immediately administered for the proper management of said Estate and the Petitioner is requesting the Court to appoint her as Administratrix of the said Estate, said Petitioner hereby showing that she is over the age of 18 years, of sound mind, not convicted of any felony and qualified to serve as Administratrix of said Estate for all purposes.

V.

That at the time of her death, the Decedent was a resident in a nursing home facility in Tippah County, Mississippi, and she had no bank accounts. Petitioner would request that the Court authorize the Administratrix to open an estate bank account, if necessary, to receive and hold all assets and properties properly belonging to the Estate and to marshal them according to applicable law.

VI.

The Petitioner would request that the requirements of bond, appraisal and accountings be waived by the Court at this time.

**WHEREFORE, PREMISES CONSIDERED,** the Petitioner prays that this Court will grant Letters of Administration to **Gracie Cook** upon her taking the oath prescribed by statute,

2

waiving bond, appraisal and accounting, and granting Letters of Administration which will allow

the said **Gracie Cook** to take any and all necessary steps to marshal the assets of the Estate, open an

estate bank account and administer the same according to law, and Petitioner prays for such other

and further relief, either general or special, as the Court may deem equitable and proper.

Respectfully submitted,

_Gracie Cook_

**GRACIE COOK, Petitioner**

STATE OF MISSISSIPPI

COUNTY OF _Tippah_

THIS DAY personally came and appeared before me, the undersigned authority in and for said County and State, **Gracie Cook**, who, being by me first duly sworn, stated on oath that she is a party in the attached original **Petition for Letters of Administration** and that the matters and things set forth in the foregoing Petition, as of her knowledge and belief, are true and correct as therein stated and set forth.

SWORN TO AND SUBSCRIBED before me on this, the 8th day of _February_, 2010.

_Paul Wright_

NOTARY PUBLIC

My Commission Expires:

*[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 88107, PAUL WRIGHT, Commission Expires Jan. 7, 2012, TIPPAH COUNTY]*

_Stephen B. Jackson_

STEPHEN B. JACKSON
Glover, Young, Walton & Simmons, PLLC
P. O. Drawer 5514
Meridian, MS 39302-5514
Telephone: (601) 693-1301
MS Bar No. 10693

3

THE COCHRAN FIRM
M E M P H I S

One Commerce Square • 26th Floor • Memphis, Tennessee 38103
(901) 523-1222 • Fax: (901) 523-1999
www.cochranfirm.com

July 24, 2009

**VIA CERTIFIED MAIL**

| | |
|---|---|
| Golden Living Center-Ripley<br>ATTN: Administrator<br>101 Cunningham Drive<br>Ripley, MS 38663 | GGNSC Administrative Services, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 |
| GGNSC Ripley, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 | GGNSC Clinical Services, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 |
| Golden Gate National Senior Care, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 | GGNSC Administrative Services, LLC<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| GGNSC Ripley, LLC<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | GGNSC Clinical Services, LLC<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Golden Gate National Senior Care, LLC<br>1000 Fianna Way<br>Fort Smith, AR 72919 | |

Re: Your Resident: *Willie P. Adkins, deceased*
DOB: 01/22/1932
SSN: 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

Dear Sir or Madam:

This letter provides you with written notice, pursuant to Miss. Code Ann.§15-1-36(15), that this law firm has been retained to pursue claims stemming from certain specific actions related to the care and treatment Willie P. Adkins, deceased received while a resident at Golden Living Center-Ripley located on Cunningham Drive in Ripley, Mississippi that resulted in her untimely death on or about November 6, 2008.

1

This letter puts you on notice of our representation, the claims against you, and our intention to begin legal action. Please provide a copy of this letter to all your insurance carriers, as well as any owner, operator, affiliate, parent or subsidiary either directly or indirectly involved in the care and treatment of residents at Golden Living Center-Ripley located on Cunningham Drive in Ripley, Mississippi.

As you know, Ms. Adkins was a former resident of Golden Living Center-Ripley on Cunningham Drive in Ripley, Mississippi and he left your facility in November, 2008.. At this time, we believe the legal basis of the claims would be medical malpractice, nursing home abuse and neglect, fraud, civil RICO, conspiracy, common law negligence and any applicable statutory violations regarding the medical and nursing home care that your facility provided Ms. Adkins.

The claims asserted against you will be both direct and vicarious through your nurses, nursing assistants, agents, and contractors. You were on notice of the fact that Ms. Adkins required assistance with her activities of daily living, but you failed to properly assess, care plan, turn and reposition, give food and drink and supervise her which resulted in specific injuries to her person to include malnutrition, dehydration, pressure sores, medication misadministration, improper diabetes management which resulted in her untimely death on or about November 6, 2008.

The above injuries resulted in excruciating pain and suffering, mental anguish, emotional distress, economic damages( for medical expenses for her November 5, 2008 hospitalization and funeral expenses, only), loss of enjoyment of life, loss of dignity and untimely death to Ms. Adkins, and the loss of society, companionship, love and affection on the part of his wrongful death beneficiaries. These injuries were caused by a conscious decision on the part of the nursing home and its corporate owner(s) to understaff, underfund, and fail to properly train its staff and contractors

Please be advised that we intend to file a lawsuit against you on behalf of the estate and wrongful death beneficiaries of Ms. Adkins after the expiration of the sixty-day period required by Mississippi law, and such other persons and/or entities as we determine may have caused or contributed to Ms. Adkins' injuries/death.

Sincerely yours,

THE COCHRAN FIRM-MEMPHIS

Garry J. Rhoden, Esq.

GJR/amp

2

Case 3:10-cv-00103-JDN-DAS Document [illegible] Filed [illegible]/24 PageID #: 20

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530
GGNSC Ripley, LLC
1000 Fianna Way
Fort Smith, AR 72919

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Barbara Sellis_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name) _Barbara DeVros_ C. Date of Delivery 7-31

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

*[postmark: ROGERS AVE. STATION, JUL 31 2009, USPS]*

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
7008 0500 0002 0789 7133

PS Form 3811, [illegible]          Domestic Return Receipt          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530
Golden Gate National Senior Care, LLC
1000 Fianna Way
Fort Smith, AR 72919

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Barbara DeVos_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name) _Barbara DeVos_ C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:

*[postmark: ROGERS AVE STATION, JUL 30 2009]*

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7008 0500 0002 0789 7119

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530
GGNSC Administrative Services
c/o Corporation Service Company
506 S. President Street
Jackson, MS 39201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _DANNY L. PERRY_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name) C. Date of Delivery 7-30-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7008 0500 0002 0789 7072

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530

Golden Living Center-Ripley
ATTN: Administrator
101 Cunningham Drive
Ripley, MS 38663

2. Article Number
(Transfer from service label)

7008 0500 0002 0789 7065

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Michelle Rogers
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery   7/29/09

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530

GGNSC Ripley, LLC
c/o Corporation Service Company
506 S. President Street
Jackson, MS 3920

2. Article Number
(Transfer from service label)

7008 0500 0002 0789 7089

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X DANNY L PERRY
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery   7-29-09

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms19530

Golden Gate National Senior C
c/o Corporation Service Company
506 S. President Street
Jackson, MS 39201

2. Article Number
(Transfer from service label)

7008 0500 0002 0789 71

PS Form 3811, February 2004        Domestic Return Receipt        10

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X DANNY L. PERRY
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery   7-29-06

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
DANNY L. PERRY   7-29-09

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Ms19530
GGNSC Clinical Services, LLC
c/o Corporation Service Company
506 S. President Street
Jackson, MS 3920

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 0500 0002 0789 7096

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Barbara Dell

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Barbara Delnes   1-31

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

ROGERS AVE. STATION FORT SMITH, AR 72
JUL 31 2009
USPS 0000

1. Article Addressed to:

Ms19530
GGNSC Administrative Services, LLC
1000 Fianna Way
Fort Smith, AR 72919

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 0500 0002 0789 7140

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Barbara Dell

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Barbara Delnes   1-31

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

ROGERS AVE. STATION FORT SMITH, AR
JUL 31 2009

1. Article Addressed to:

Ms19530
GGNSC Clinical Services, LLC
1000 Fianna Way
Fort Smith, AR 72919

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7008 0500 0002 0789 7126

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION
OXFORD**

GRACIE COOK, on behalf of the Wrongful
Death Beneficiaries and the Estate of WILLIE
P. ADKINS, Deceased, as Administratrix,

      Plaintiff,

v.

GGNSC Ripley , LLC d/b/a Golden
Living Center Ripley; GGNSC Administrative
Services, LLC; GGNSC Clinical Services, LLC;
and Golden Gate National Senior Care, LLC,

      Defendants.

CASE NO.
JURY DEMANDED

## CERTIFICATE OF EXPERT CONSULTATION

**STATE OF TENNESSEE
COUNTY OF SHELBY**

    COMES NOW Garry J. Rhoden, and states the following:

1.    I am attorney of record for Plaintiff in the above-entitled action.

2.    In my capacity as attorney of record I attempted to make a thorough and complete review of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.

3.    I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence of Defendants in this matter.

4.    I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.

5.    I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

_____  3/15/10
**GARRY J. RHODEN**

Personally appeared GARRY J. RHODEN, to me known to be the person describe d in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

MY COMMISSION EXPIRES:
October 13, 2010